IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:19-cr-230-DAD-BAM |
|---|---|
| Plaintiff, | ORDER GRANTING IN PART UNITED STATES OF AMERICA'S REQUEST TO EXHIBITS A AND B TO GOVERNMENT'S REQUEST TO REOPEN DETENION HEARING UNDER 18 U.S.C. § 3142(F) BASED ON NEW INFORMATION AND BRIEF IN SUPPORT OF REVOCATION UNDER 18 U.S.C. § 1348 AND IN RESPONSE TO DEFENDANT'S BRIEF ADDRESSING POTENTIAL DETENTION ORDER AT INITIAL APPEARANCE AND GRANTING IN PART DEFENDANT'S APPLICATION TO FILE DOCUMENTS UNDER SEAL |
| v. | |
| KENNETH SHANE PATTERSON, | |
| Defendants. | |
| | (ECF Nos. 61, 62) |

On October 10, 2020, the United States of America ("Plaintiff" or "Government") filed a motion to modify conditions of release. (ECF No. 59.)  The Government filed a notice of request to seal exhibits attached to the motion and Defendant filed an application to file documents under seal.

Under the First Amendment, the public and press have a presumed right of access to court proceedings and documents in a criminal case that can be rebutted only on a finding "that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Press-Enter. Co. v. Superior Court of California, Riverside Cty. ("Press-Enter. Co. I"), 464 U.S. 501, 510 (1984); Globe Newspaper Co. v. Superior Court for Norfolk Cty., 457 U.S. 596, 605 (1982).  In determining whether a right to access exists under the First Amendment, the court is to consider whether the type of hearing has

1

historically been open to the public and whether public access would further understanding of the criminal justice system. " Press-Enter. Co. v. Superior Court of California for Riverside Cty. ("Press-Enter. Co. II"), 478 U.S. 1, 8 (1986). The Ninth Circuit "has held that in general the public and the press have a qualified first amendment right of access to pretrial hearings and documents." Seattle Times Co. v. U.S. Dist. Court for W. Dist. of Washington, 845 F.2d 1513, 1515 (9th Cir. 1988). Specifically, the Circuit has held that "the press and public have a right of access to pretrial release proceedings and documents filed therein." Seattle Times Co., 845 F.2d at 1517. Therefore, a right of access by the public exists to the documents sought to be sealed in this instance.

Documents in a criminal matter may be closed to the public only if "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." The Oregonian Publishing Company, v. U.S. District Court for the District of Oregon, 920 F.2d 1462, (9th Cir. 1990).

**A.     Government's Request to Seal Exhibits to Request to Reopen Detention Hearing**

The Government seeks to seal the police report of the September 19, 2020 hit and run incident which includes personal identifying and insurance information regarding the individuals that were involved and a witness interview that contains private information regarding the witness's financial situation and health. While the personal identifying and insurance information of the individuals involved in the accident and the financial and health information of the witness are entitled to protection, these interests can be protected by redacting all such information from the documents themselves. Because there is an alternative to filing the documents under seal that would adequately protect the interests involved, the Court shall grant the request in part, all such information shall be redacted from the documents filed in the public record.

**B.     Defendant's Application to File Exhibits Addressing a Potential Detention Order Under Seal**

Defendant seeks to file a letter from his physician setting forth his health conditions and a Facebook post and text messages with the widow of a friend. Similar to the request submitted by the Government, the Court finds that the medical information regarding Defendant's health conditions is

2

1  entiled to protection.  However, upon review of the letter itself, given the information that is presented,
2  there are no alternatives to disclosure that would protect Defendant's confidential health information.  The
3  request to seal the letter from Defendant's doctor shall be granted.

4      Defendant also seeks to seal a Facebook post and messages between himself and the widow of a
5  friend because it is personal and emotional and he seeks to protect the widow's privacy.  However,
6  Defendant has failed to identify a compelling interest that would entitle the documents to be filed under
7  seal.  To protect the identity of the individual who is not a party in this matter, the Court will grant the
8  request to the extent that any identifying information, such as names, initials, or pictures may be redacted.
9  The document shall be filed in the public record with identifying information redacted and the unredacted
10 document shall be filed under seal.

11     Accordingly, IT IS HEREBY ORDERED that:

12 1. The Government's request to file documents under seal is GRANTED IN PART as
13    follows:
14    a. The Government shall file the request to seal and the documents in the public record
15       with all personal identifying and insurance information and the witness's financial
16       and health information redacted (Exhibits A and B);
17    b. Unredacted copies of the documents (Exhibits A and B) shall be filed under seal
18       with access to the sealed documents limited to the Government and counsel for
19       Defendant;
20 2. Defendant's application to file exhibits under seal is GRANTED IN PART as follows:
21    a. The request to file the letter from Defendant's physician under seal is GRANTED;
22    b. Defendant shall file a copy of the Facebook page and messages in the public record
23       redacting identifying information;
24    c. The unredacted copy of the Facebook page and messages shall be filed under seal
25       with access to the sealed documents limited to counsel for Defendant and the
26       Government;
27 3. Upon service of this order, the Government and Defendant shall submit copies of the
28    unredacted documents and the physician letter to the Clerk of the Court to be filed under

1  seal; see L.R. 141(e)(2)(i); and

2  3. The documents shall remain under seal until further order of the Court.

IT IS SO ORDERED.

Dated: **October 13, 2020**

_____
UNITED STATES MAGISTRATE JUDGE

4