1  McGREGOR W. SCOTT
   United States Attorney
2  VINCENTE A. TENNERELLI
   Assistant United States Attorney
3  2500 Tulare St., Ste. 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile:  (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8                   IN THE UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,           CASE NO. 1:19-CR-230-DAD-BAM

12         Plaintiff,                  REQUEST TO SEAL EXHIBITS A AND B TO
                                       GOVERNMENT'S REQUEST TO REOPEN
13    v.                               DETENION HEARING UNDER 18 U.S.C. §
                                       3142(F) BASED ON NEW INFORMATION AND
14 KENNETH SHANE PATTERSON,            BRIEF IN SUPPORT OF REVOCATION UNDER
                                       18 U.S.C. § 1348 AND IN RESPONSE TO
15         Defendants.                 DEFENDANT'S BRIEF ADDRESSING
                                       POTENTIAL DETENTION ORDER AT INITIAL
16                                     APPEARANCE

17
           Pursuant to Local Rule 141(b), the United States, by and through Assistant United States
18
   Attorney Vincente A. Tennerelli, respectfully requests an Order sealing Exhibits 2 and 3 to the
19
   government's Request to Reopen Detention Detention Hearing Under 18 U.S.C. § 3142(f) Based on
20
   New Information and Brief in Support of Revocation Under 18 U.S.C. § 1348 and in Response to
21
   Defendant's Brief Addressing Potential Detention Order at Initial Appearance.  Exhibit 2 is a police
22
   report containing the personal identifying information, including insurance information and addresses,
23
   of the individuals whose vehicles were damaged during Patterson's September 19, 2020 hit-and-run
24
   incident. Exhibit 3 is a memorandum of interview with Kelly Weaver, which contains private
25
   information regarding Ms. Weaver's financial situation and health.
26
           The Court may order documents to be filed under seal.  While the "press and the public have a
27
   presumed right of access to court proceedings and documents" under the First Amendment, this
28

presumed right is not absolute.  See Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 510 (1985).  It can be overcome "based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  Id.  From the Court's perspective, the controlling "interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered."  Id.

Here, the government seeks to file Exhibits 2 and 3 under seal because they contain the personal identifying information and, in Ms. Weaver's case, financial and health information of individuals who are not defendants in this action. Sealing the exhibits is necessary for these individuals' privacy.

Dated:  October 9, 2020

McGREGOR W. SCOTT
United States Attorney

By:  /s/ VINCENTE A. TENNERELLI
VINCENTE A. TENNERELLI
Assistant United States Attorney