Kevin P. Rooney, #107554
Of Counsel, HAMMERSCHMIDT LAW CORPORATION
2445 Capitol Street, Suite 150
Fresno, CA 93721
Tel: (559) 233-5333
Fax: (559) 233-4333

Attorney for Defendant, KENNETH SHANE PATTERSON

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:19 CR 230 DAD/BAM |
| Plaintiff, | DEFENDANT'S SUPPLEMENTAL BRIEF ADDRESSING POTENTIAL DETENTION ORDER |
| vs. | |
| KENNETH SHANE PATTERSON, | Date: October 21, 2020<br>Time: 2:00 p.m.<br>Location: Hon. Stanley A. Boone |
| Defendant. | |

## ARGUMENT

A. <u>A Detention Order Must Be Based On Flight Or Danger Considerations</u>

In this PreTrial release violation proceeding, the parties disagree whether detention may be ordered (1) only if an individual is found to pose a risk of flight or danger or, (2) a detention order may based on a finding that the individual is unlikely to "abide by any condition or combination of conditions of release" even if the individual does not pose a risk of flight or danger.

///

///

1

The Sixth Amendment to the United States Constitution states, "Excessive bail shall not be required". The Bail Reform Act, 18 U.S.C. §3148 (b), provides that a person who has violated a condition of release, shall be detained,

    if, after a hearing, the judicial officer—
    (1) finds that there is—
    (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
    (B) clear and convincing evidence that the person has violated any other condition of release; and
    (2) finds that—
    (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
    (B) the person is unlikely to abide by any condition or combination of conditions of release." *(18 U.S.C. §3148 (b))[1]*

The government reads the disjunctive term "or" used in the statue to provide that "once a court finds probable cause that the defendant committed a crime, it need only find either that revocation is appropriate based on flight/danger or that the defendant is unlikely to comply with release conditions" and cites the case of *U.S. v. Manafort*, 897 F.3d 340, 345 (D.C. Cir. 2018) in support of that argument. *Gov't Resp Mot. To Reopen Det. Hr'g,* (Document 59), p. 6.

A review of the *Manafort* case and its record shows that the government has misconstrued the law. When the government (Special Counsel) defended the district court's detention order on appeal, the government did not argue that a disjunctive test applied. Instead, the government's brief in *Manafort* presented the correct test, consistent with the Eighth Amendment, that detention must be related to flight or danger considerations.

---

[1] If the judicial officer finds that the person committed a felony offense there is a rebuttable presumption of danger. That rebuttable presumption does not apply in this case.

The government brief in *Manafort* presented the record very clearly:

> "The district court asked the parties to focus on the additional issues relevant under Section 3148(b)(2): whether there were conditions of release that would assure Manafort's presence at trial and prevent him from posing a danger to the community and, if so, whether he was likely to abide by such conditions" and "The district court asked the parties to focus on the additional issues relevant under Section 3148(b)(2): whether there were conditions of release that would assure Manafort's presence at trial and prevent him from posing a danger to the community and, if so, whether he was likely to abide by such conditions." *See,* Exh. 1, U.S. v. Manafort, D.C. Cir. No. 18-3037, *Appellee's Memorandum Of Law and Fact*, p. 9 & 12.

Because the government had properly framed the "likely to abide by conditions factor" in relation to considerations of flight or danger, the D.C. Circuit Court could properly base a detention order on the defendant's unlikeliness to abide by those conditions. *U.S. v. Manafort*, 897 F.3d at 345

The defense in this case presented the correct test in its previous filing: PreTrial detention pursuant to §3148 must be based on considerations of flight or danger to another person or the community. *United State v. Howard,* 793 F.3d 1113, 1113-14 (9th Cir. 2015) (J. Kozinski concurring). PreTrial Release conditions are designed to address flight and danger concerns and therefore "the [§3148(b)(2)(A) and (b)(2)(B)] inquiry overlaps and arguably requires consideration of the same elements." *United States v. Parker,* 65 F. Supp. 3d 358, 363 (W.D.N.Y. 2014).

///

///

## Conclusion

The alleged violation by Mr. Patterson does not create an increased risk of flight nor danger to the community, and consequently, a sanction other than detention would be appropriate.

Dated:  October 16, 2020                              Respectfully submitted,

                                                      /s Kevin Rooney
                                                      KEVIN P. ROONEY
                                                      Attorney for defendant
                                                      KENNETH S. PATTERSON