McGREGOR W. SCOTT
United States Attorney
VINCENTE A. TENNERELLI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH SHANE PATTERSON,<br><br>Defendants. | CASE NO. 1:19-CR-230-DAD-BAM<br><br>SUPPLEMENTAL BRIEF IN SUPPORT OF GOVERNMENT'S REQUEST TO REOPEN DETENION HEARING UNDER 18 U.S.C. § 3142(F) BASED ON NEW INFORMATION AND BRIEF IN SUPPORT OF REVOCATION UNDER 18 U.S.C. § 1348 AND IN RESPONSE TO DEFENDANT'S BRIEF ADDRESSING POTENTIAL DETENTION ORDER AT INITIAL APPEARANCE<br><br>DATE: October 21, 2020<br>TIME: 2:00 p.m.<br>COURT: Hon. Stanley A. Boone |

The government submits this brief to respond to defendant's Supplemental Brief Addressing Potential Detention Order, Docket No. 73, and to provide a letter from a Staff Physician at Fresno County Jail, attached hereto as Exhibit 1. Defendant cannot square his argument that a court may revoke pretrial release and order detention "only if an individual is found to pose a risk of flight or danger," Docket No. 73 at 1, with the text of 18 U.S.C. § 3148(b)(2). The government's appellate brief in *United States v. Manafort* does not, as defendant contends, support his argument.

### I.     ARGUMENT

**A.     Section 1348(b)(2)(B) Does Not Require A Finding Of Flight Or Danger In Order To Revoke Pretrial Release.**

Defendant argues that, in *Manafort*, the government took the same position that defendant now

Gov't Resp. Mot. to Reopen Det. Hr'g & Mem. in Supp. of Revocation & Resp. to Def.'s Br.

1

urges, that revocation requires an analysis of flight and danger even if a defendant is not likely to abide by conditions. This is incorrect. The government's appellate brief in *Manafort* stated, in no uncertain terms, that a finding that a defendant is unlikely to abide by release conditions under 18 U.S.C. § 1348(b)(2)(B) "is an independent basis for finding that a defendant shall be detained" and "does not require consideration of the 18 U.S.C. § 3142(g) factors." Docket 73-1 at 18. Section 3142(g) sets forth the factors a court must take into account in assessing flight and danger. Accordingly, as it does here, the government in *Manafort* recognized that no flight or danger finding is needed where a defendant is unlikely to abide by conditions.

Notwithstanding this clear language, defendant argues that the government in *Manafort* conceded that a court must consider whether a defendant is likely to abide by conditions under Section 1348(b)(2)(B) "in relation to considerations of flight or danger." Docket No. 73 at 3. Defendant's only support for this argument is that, in its appellate brief, the government noted that the district court had asked the parties to address both flight and danger and whether Manafort was likely to abide by conditions. Docket No. 73 at 3, citing Docket No. 71-1 at 9, 12. But paraphrasing a court's instructions and taking a position on the law are two different things; in the passage defendant quotes, the government was doing the former, not the latter. More importantly, however, the district court's focus on both flight and danger and whether Manafort was likely to follow conditions simply reflects that the court was considering two separate and independent bases for detaining Manafort, flight and danger under Section 3148(b)(2)(A) and unlikeliness of abiding by conditions under Section 3148(b)(2)(B). And indeed, the Court detained on both grounds. Ex. 2 (Manafort Det. Ord.) at 19. In affirming the district court's detention order, the D.C. Circuit expressly noted that Section 3148(b)(2)(A) and (B) each "provide[] an independent basis for detention, so upholding either finding is sufficient to uphold the District Court's detention order." *U.S. v. Manafort*, 897 F.3d 340, 346 (D.C. Cir. 2018).

GOV'T RESP. MOT. TO REOPEN DET. HR'G & MEM. IN SUPP. OF REVOCATION & RESP. TO DEF.'S BR.

2

**B.     Exhibit 1 Demonstrates That Fresno County Jail Is Equipped To Provide Patterson Medical Care.**

Exhibit 1 is a letter from a Staff Physician at Fresno County Jail. As the letter demonstrates, the jail is equipped to provide necessary medical care to Patterson should the Court detain him.

Dated: October 19, 2020                              MCGREGOR W. SCOTT
                                                                       United States Attorney


                                                              By:   /s/ VINCENTE A. TENNERELLI
                                                                       VINCENTE A. TENNERELLI
                                                                       Assistant United States Attorney

GOV'T RESP. MOT. TO REOPEN DET. HR'G & MEM. IN SUPP. OF REVOCATION & RESP. TO DEF.'S BR.

3