1

2

3

4

5

6

7

8

9

10

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

UNITED STATES OF AMERICA,

CASE No. 1:19-cr-230-DAD-BAM

12

Plaintiff,

ORDER GRANTING REQUEST TO SEAL
DOCUMENTS IN SUPPORT OF
GOVERNMENT'S SUPPLEMENTAL BRIEF

13

v.

14

KENNETH SHANE PATTERSON,

(ECF No. 76)

15

Defendants.

16

17

18

    On October 16, 2020 Defendant Kenneth Shane Patterson made an initial appearance on a

19

pretrial release petition and a contested hearing is set for October 21, 2020.  At the request of the parties,

20

a supplemental briefing schedule was entered.  On October 19, 2020, pursuant to the briefing

21

scheduling, the Government filed a supplmental memorandum and a notice of request to file a document

under seal.

22

    The Government seeks to seal an exhibit addressing the jail's ability to provide services to

23

address Defendant's health conditions.  Under the First Amendment, the public and press have a

24

presumed right of access to court proceedings and documents in a criminal case that can be rebutted

25

only on a finding "that closure is essential to preserve higher values and is narrowly tailored to serve that

26

interest."  Press-Enter. Co. v. Superior Court of California, Riverside Cty. ("Press-Enter. Co. I"), 464

27

U.S. 501, 510 (1984); Globe Newspaper Co. v. Superior Court for Norfolk Cty., 457 U.S. 596, 605

28

1

1  (1982).  In determining whether a right to access exists under the First Amendment, the court is to

2  consider whether the type of hearing has historically been open to the public and whether public access

3  would further understanding of the criminal justice system." Press-Enter. Co. v. Superior Court of

4  California for Riverside Cty. ("Press-Enter. Co. II"), 478 U.S. 1, 8 (1986).  The Ninth Circuit "has held

5  that in general the public and the press have a qualified first amendment right of access to pretrial

6  hearings and documents." Seattle Times Co. v. U.S. Dist. Court for W. Dist. of Washington, 845 F.2d

7  1513, 1515 (9th Cir. 1988).

8       Here, the document at issue addresses the issue of whether the defendant should be detained if

9  the Court finds that the allegations in the violation petition are true.  The Ninth Circuit has held that "the

10  press and public have a right of access to pretrial release proceedings and documents filed therein."

11  Seattle Times Co., 845 F.2d at 1517.  Therefore, a right of access by the public exists to the document

12  sought to be sealed in this instance.

13       Documents in a criminal matter may be closed to the public only if "(1) closure serves a

14  compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling

15  interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the

16  compelling interest." The Oregonian Publishing Company, v. U.S. District Court for the District of

17  Oregon, 920 F.2d 1462, (9th Cir. 1990).  Upon review of the letter, it identifies the specific health issues

18  that would need to be addressed should the defendant be ordered detained.  A compelling interest exists

19  to prevent disclosure of Defendant's private medical information and disclosure of the letter would

20  reveal Defendant's medical conditions.  Accordingly, the Court finds that there is no alternative to

21  sealing the document that would adequately protect the defendant's private medical information.

22       Pursuant to Local Rule 141(b), IT IS HEREBY ORDERED that:

23       1.   The Government's request to seal Exhibit 1 to the Government's Supplemental Brief in

24            Support of Request to Reopen Detention Detention Hearing Under 18 U.S.C. § 3142(f)

25            Based on New Information and Brief in Support of Revocation Under 18 U.S.C. § 1348

26            and in Response to Defendant's Brief Addressing Potential Detention Order at Initial

27            Appearance is GRANTED;

28       2.   Upon service of this order, the Government shall submit copies of the document to the

1    Clerk of the Court to be filed under seal; see L.R. 141(e)(2)(i);

2    3.    Access to the sealed documents shall be limited to the government and counsel for the

3          defendant; and

4    4.    The document shall remain under seal until further order of the Court.

5

6    IT IS SO ORDERED.

7    Dated:    **October 20, 2020**
                                        _____
8                                        UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3