Kevin P. Rooney, #107554
Of Counsel, HAMMERSCHMIDT LAW CORPORATION
2445 Capitol Street, Suite 150
Fresno, CA 93721
Tel: (559) 233-5333
Fax: (559) 233-4333

Attorney for Defendant, KENNETH SHANE PATTERSON

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>KENNETH SHANE PATTERSON,<br><br>　　　　Defendant. | Case No.: 1:19 CR 230 DAD/BAM<br><br>NOTICE OF REQUEST TO FILE UNDER SEAL EXHIBITS TO DEFENDANT'S MOTION TO REVOKE PRETRIAL DETENTION ORDER AND FOR TEMPORARY RELEASE; ORDER |

　　　Mr. Patterson, by and through undersigned counsel, hereby requests to file an exhibit, specifically medical records, under seal. The exhibits are not intended to be filed *ex parte* and have been provided to opposing counsel with a copy of the sealing request. This sealing request is made to preserve the privacy rights of Mr. Patterson.

　　　The documents requested to be filed under seal are a detailed report of Mr. Patterson's health conditions prepared by his personal physician. The documents are attached with this request and the Court can assess them. The doctor's report reveals extremely personal and confidential information. The sealing request is intended to prevent public dissemination of the documents. The defense has no objection to the government reviewing and using the documents as they may be relevant in this matter.

Under the First Amendment, the public and press have a presumed right of access to court proceedings and documents in a criminal case that can be rebutted only on a finding "that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enter. Co. v. Superior Court of California, Riverside Cty. ("Press-Enter. Co. I")*, 464 U.S. 501, 510 (1984); *Globe Newspaper Co. v. Superior Court for Norfolk Cty.*, 457 U.S. 596, 605 (1982). In determining whether a right to access exists under the First Amendment, the court is to consider whether the type of hearing has historically been open to the public and whether public access would further understanding of the criminal justice system. " *Press-Enter. Co. v. Superior Court of California for Riverside Cty. ("Press-Enter. Co. II")*, 478 U.S. 1, 8 (1986). The Ninth Circuit "has held that in general the public and the press have a qualified first amendment right of access to pretrial hearings and documents." *Seattle Times Co. v. U.S. Dist. Court for W. Dist. of Washington*, 845 F.2d 1513, 1515 (9th Cir. 1988). The Ninth Circuit has held that "the press and public have a right of access to pretrial release proceedings and documents filed therein." *Seattle Times Co.*, 845 F.2d at 1517. Therefore, a presumed right of access by the public exists to the documents sought to be sealed in this instance.

Documents in a criminal matter may be closed to the public only if "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *The Oregonian Publishing Company, v. U.S. District Court for the District of Oregon*, 920 F.2d 1462, (9th Cir. 1990).

///

///

The documents to be sealed are so personal and confidential that they meet the compelling interest test.

Dated:  October 28, 2020              Respectfully submitted,

                                     /s Kevin Rooney
                                    KEVIN P. ROONEY
                                    Attorney for defendant
                                    KENNETH S. PATTERSON

## **ORDER**

IT IS SO ORDERED.

Dated:  **October 28, 2020**              _____
                                                   UNITED STATES DISTRICT JUDGE