1    McGREGOR W. SCOTT
     United States Attorney
2    VINCENTE A. TENNERELLI
     Assistant United States Attorney
3    2500 Tulare Street, Suite 4401
     Fresno, CA 93721
4    Telephone: (559) 497-4000
     Facsimile:  (559) 497-4099
5

6    Attorneys for Plaintiff
     United States of America
7

8
                        IN THE UNITED STATES DISTRICT COURT
9
                        EASTERN DISTRICT OF CALIFORNIA
10

11   UNITED STATES OF AMERICA,                  CASE NO. 1:19-CR-00230-DAD-BAM

12              Plaintiff,                       STIPULATION REGARDING EXCLUDABLE
                                                 TIME PERIODS UNDER SPEEDY TRIAL ACT;
13              v.                               AND ORDER

14   KENNETH SHANE PATTERSON,                    STATUS CONFERENCE: January 27, 2021, 1:00
                                                 p.m.
15              Defendant.                       COURT: Hon. Barbara A. McAuliffe

16

17          This case is set for a status conference on January 27, 2020, at 1:00 p.m. On May 13, 2020, this

18   Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until

19   further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency

20   under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this

21   Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a

22   date after May 2, 2021.[1] This and previous General Orders, as well as the declarations of judicial

23   emergency, were entered to address public health concerns related to COVID-19.

24          Although the General Orders and declarations of emergency address the district-wide health

25   concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

26   "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

27
     _____
28          [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
     request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
     will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

     STIPULATION REGARDING EXCLUDABLE TIME                1
     PERIODS UNDER SPEEDY TRIAL ACT

1    findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-

2    record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such

3    failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

4    (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

5    findings on the record "either orally or in writing").

6         Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

7    and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

8    emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the

9    judge granted such continuance on the basis of his findings that the ends of justice served by taking such

10   action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

11   § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the

12   case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

13   such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

14        The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

15   18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address

16   continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

17   discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-

18   week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d

19   764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed.

20   *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

21   exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

22   The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

23   by the statutory rules.

24        In light of the societal context created by the foregoing, this Court should consider the following

25   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

26   justice exception, § 3161(h)(7) (Local Code T4). [2] The United States has produced over 30,000 pages of

27   
28        [2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1  discovery in this matter. That discovery includes memoranda of interviews and a large volume of bank

2  records.  Defendant is currently in the process of substituting attorneys. His new attorney, once retained,

3  will require time to review discovery in this matter, discuss this case with her client, and explore

4  possible settlement or trial strategy. If continued, this Court should designate a new date for the status

5  conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance

6  must be "specifically limited in time").

7                                        **STIPULATION**

8          Plaintiff United States of America, by and through its counsel of record, and defendant, by and

9  through defendant's counsel of record, hereby stipulate as follows:

10         1.      By previous order, this matter was set for a status conference on January 27, 2021, 1:00

11  p.m.

12         2.      By this stipulation, defendant now moves to continue the status conference until April 28,

13  2021, at 1:00 p.m., and to exclude time between January 27, 2021, 1:00 p.m., and April 28, 2021, at 1:00

14  p.m., under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

15         3.      The parties agree and stipulate, and request that the Court find the following:

16              a)      The government has represented that the discovery associated with this case has

17         been produced or made available for inspection and copying to defendant.

18              b)      Counsel for defendant desires additional time to consult with his client, review

19         current charges, review discovery in this matter, discuss potential resolutions with his client and

20         the government, to prepare pretrial motions, and otherwise to prepare for trial.

21              c)      Counsel for defendant believes that failure to grant the above-requested

22         continuance would deny him/her the reasonable time necessary for effective preparation, taking

23         into account the exercise of due diligence.

24              d)      The government does not object to the continuance.

25              e)      In addition to the public health concerns cited by the General Orders and

26         declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an

27         ends-of-justice delay is particularly apt in this case given the need for defendant's counsel to

28         review the voluminous discovery in this matter and meet with the government.

STIPULATION REGARDING EXCLUDABLE TIME                3
PERIODS UNDER SPEEDY TRIAL ACT

1          f)          Based on the above-stated findings, the ends of justice served by continuing the

2      case as requested outweigh the interest of the public and the defendant in a trial within the

3      original date prescribed by the Speedy Trial Act.

4          4.          For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq.,

5  within which trial must commence, the time period of January 27, 2021, 1:00 p.m. to April 28, 2021, at

6  1:00 p.m., inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

7  because it results from a continuance granted by the Court at defendant's request on the basis of the

8  Court's finding that the ends of justice served by taking such action outweigh the best interest of the

9  public and the defendant in a speedy trial.

10         5.          Nothing in this stipulation and order shall preclude a finding that other provisions of the

11  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

12  must commence.

13         IT IS SO STIPULATED.

14

15   Dated: January 22, 2021                          MCGREGOR W. SCOTT
                                                       United States Attorney

16

17                                                     /s/ VINCENTE A.
                                                       TENNERELLI
18                                                     VINCENTE A. TENNERELLI
                                                       Assistant United States Attorney

19

20   Dated: January 22, 2021                          /s/ KEVIN P. ROONEY
                                                       KEVIN P. ROONEY
21                                                     Counsel for Defendant
                                                       KENNETH SHANE
22                                                     PATTERSON

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME          4
PERIODS UNDER SPEEDY TRIAL ACT

## **ORDER**

IT IS SO ORDERED that the status conference is continued from January 27, 2021, to **April 28, 2021, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).


IT IS SO ORDERED.

Dated:    **January 22, 2021**                    /s/ *Barbara A. McAuliffe*            _
                                                          UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

5